Defendant-appellant, Walter Blankenship, appeals a decision by the Butler County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09(C)(1). Appellant was convicted and sentenced prior to January 1, 1997 for sexually-oriented offenses and is currently serving a term of imprisonment. We affirm.
Appellant pled guilty to one count of attempted rape and two counts of sexual battery on November 13, 1984. He was sentenced to a term of three to fifteen years of incarceration on the attempted rape count and two years for each sexual battery count, all terms to be served concurrently. Appellant's offenses occurred in 1985 and 1986 and involved sexual conduct with two young girls, one two years old and the other three to four years old. Evidence presented indicated that appellant had the girls perform fellatio on him when he was their baby sitter. According to the prosecution's presentation of facts, appellant confessed to the offenses verbally and in writing, claiming he committed the acts to "get back," since he was molested at a young age.
After appellant had served ten years of his sentence, the Ohio Department of Rehabilitation and Corrections recommended that he be adjudicated a sexual predator. An adjudicatory hearing was held in the trial court on January 28, 1998. The evidence presented at the hearing included a stipulated report of evaluation of appellant by psychologist Kim Stookey, the pre-sentence investigation report, and testimony from the officer who investigated appellant's offenses.
Noting appellant's prior criminal record, the victims' tender ages, that the sexual conduct occurred on more than one occasion, that appellant suffers from a mental defect and personality disorder, and that there were multiple recidivist factors present, the trial court adjudicated appellant to be a sexual predator. The trial court filed a sentencing addendum on February 8, 1998 in which it entered its determination. Appellant appeals, raising four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING THAT HE IS A SEXUAL PREDATOR AND IS REQUIRED TO REGISTER AS SUCH PURSUANT TO O.R.C. 2950.09(C), AS THE STATUTE AS APPLIED TO THE APPELLANT IS IN VIOLATION OF THE EX POST FACTO CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
In his first assignment of error, appellant contends that the sexual predator statute retroactively inflicts a greater punishment than the one imposed when appellant was originally convicted for his offenses. The Ohio Supreme Court considered and rejected this argument in State v. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus. In Cook, the court concluded that R.C. Chapter 2950 "serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in effect." Id. at 423. The court accordingly held that "R.C. Chapter 2950 do[es] not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Id. Similarly, R.C. Chapter 2950 was held to not violate the retroactive clause of the Ohio Constitution. Id. at paragraph one of the syllabus. See, also, State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING HIM TO BE A SEXUAL PREDATOR WHEN THE EVIDENCE WAS INSUFFICIENT TO FIND THAT HE IS A SEXUAL PREDATOR.
In his second assignment of error, appellant contends that the trial court's determination that he is a sexual predator is not supported by sufficient evidence. Appellant argues that the trial court failed to find sufficient evidence indicating a tendency towards recidivism.
R.C. 2950.09(C)(2) specifically provides that a determination of whether an offender is a sexual predator must be supported by clear and convincing evidence. Thus, we must review the record to determine whether there is clear and convincing evidence to support the trial court's determination. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance of the evidence," it is less than evidence "beyond a reasonable doubt." State v. Danby (1983), 11 Ohio App.3d 38, 41, citingCross, 161 Ohio St. at 477.
A reviewing court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Cross, 161 Ohio St. at 479. When the evidence considered pertains to specific statutory findings which the trial court is required to make, the reviewing court must look to see whether the trial court followed the enumerated factors in making its determination, or whether the trial court abused its discretion by deviating from the statutory criteria. See Inre William S. (1996), 75 Ohio St.3d 95, 99.
At appellant's sexual predator hearing, the prosecutor presented evidence of the nature of appellant's conduct giving rise to his conviction for sexually-oriented offenses. The evidence presented at the hearing also included a stipulated report of evaluation of appellant by psychologist Kim Stookey, the pre-sentence investigation report, and testimony by the officer who investigated appellant's conduct. The prosecutor also specifically brought to the trial court's attention several factors enumerated in R.C. 2950.09(B)(2).
The trial court then discussed the findings which supported its decision to deem appellant a sexual predator. The trial court noted appellant's prior criminal record, the victims' tender ages, that the sexual conduct occurred on more than one occasion, that appellant suffers from a mental defect and personality disorder, and that there were multiple recidivist factors present. Finding that the state presented clear and convincing evidence that appellant was a sexual predator, the trial court adjudicated him a sexual predator.
After thoroughly reviewing the transcript of the adjudicatory hearing and the evidence presented, we are satisfied that the record contains clear and convincing evidence to support the trial court's determination, and that the trial court properly considered the factors contained in R.C. 2950.09(B)(2) in making its determination. See State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM TO BE A SEXUAL PREDATOR WHEN HE WAS NOT ADVISED OF THAT POSSIBILITY AT THE TIME HE ENTERED HIS GUILTY PLEA.
In his third assignment of error, appellant argues that his plea was not given voluntarily or intelligently because he was not informed at that time that he would be subject to the requirements of R.C. Chapter 2950. Thus, he contends that he did not know that he was agreeing to an unforeseen penalty later imposed as the result of enactment of R.C. Chapter 2950. This court considered and rejected such an argument inState v. Nelson (Dec. 29, 1997), Clermont App. No. CA96-09-077, unreported. The classification provisions and attendant registration, verification, and notification requirements in R.C. Chapter 2950 do not constitute punishment. Therefore, appellant's argument that an unforeseen penalty was imposed lacks merit. See id. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY FINDING HIM TO BE A SEXUAL PREDATOR IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
In his fourth assignment of error, appellant contends that the sexual predator statute treats differently offenders who were convicted of a sexually-oriented offense before January 1, 1997 and remain incarcerated after January 1, 1997, from those offenders convicted of the same offense but released from prison before January 1, 1997. This court considered and rejected such argument in State v. Nicholas (Apr. 6, 1998), Warren App. No. CA97-05-045, unreported, discretionary appeal allowed, review pending, stay granted, 82 Ohio St.3d 1482, and held that "[t]he statute treats all offenders who are still imprisoned on January 1, 1997 the same and under the rational-basis test, it bears a rational relationship to a legitimate governmental interest, namely, to protect the public from sex offenders." Nicholas at 13. Accordingly, appellant's fourth assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
Valen, J., of the Butler County Court of Common Pleas, sitting by assignment of the Chief Justice pursuant to Section5(A)(3), Article IV of the Ohio Constitution.